JIMÉNEZ, APPELLANT, *v.* REGISTRAR OF AGUADILLA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 319.—Decided July 3, 1917.

PURCHASE AND SALE—SIGNATURE OF PURCHASER—CURABLE DEFECT—RATIFICATION.—The signing of a deed of purchase and sale in 1899 in the name and at the request of the purchaser, who did not know how to sign, by a person who was not a witness to the deed is a curable defect, for such defect does not necessarily render the instrument null and void and may be cured by executing a new instrument setting out that the purchaser ratifies and accepts the contract, in the same manner as if he had not appeared at the execution of the former.

The facts are stated in the opinion.

*Mr. Victor P. Martínez* for the appellant.

The respondent appeared *pro se.*

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On November 11, 1889, Pedro Antonio Echeandía y Medina sold several parcels of land to Claudina Jiménez y González, the final paragraph of the deed reading as follows:

"Thus they narrate and covenant in the deed, which was read to them in the presence of witnesses Lorenzo Orfila and Severiano Cabrero, of age and residents of this district, after they had been informed of their right to read it themselves, and the vendor signs. The vendee states that she does not know how to write and at her request Pedro Ríos y López, a resident of this district, who is present together with the said witnesses who aver that he is not legally incapacitated to do so, signs for her, to all of which as well as to the fact that I know the said witnesses personally I, the notary, certify. Pedro Anto. Echeandía. At the request of Claudina Jiménez, Pedro Ríos. L. Orfila. S. Cabrero. Signed, Juan Mercader."

On August 21, 1915, Claudina Jiménez appeared before a notary public and executed a public instrument formally ratifying the agreement of purchase and sale above mentioned and her acceptance thereof.

Both instruments were presented to the registrar of

property, who refused to record the deed for reasons stated in his endorsement:

"This instrument is not admitted to record because the vendee, Claudina Jiménez y González, not knowing how to sign, it was signed in her name and at her request by Pedro Ríos y López who was not a witness to the instrument, which makes this instrument null and void according to the Notarial Regulations of October 29, 1873, the Royal Order of July 25, 1868, and the decisions of the Supreme Court in the cases of the *Banco Territorial* v. *The Registrar, Villanueva* v. *The Registrar,* and *Rodríguez* v. *The Registrar.* And this being a defect which makes the instrument null and void, it is impossible to correct it by a deed of ratification or in any other way. A cautionary notice is entered according to law for 120 days in favor of the vendee, etc."

"According to paragraph 1 of article 65 of the law, the failure of the vendee to appear in the execution of a deed is a curable defect, for this fact does not necessarily render the obligation null and void. There is lacking only the express and legal manifestation of acceptance by the vendee, which may be supplied by executing a new instrument showing this." Decision of the General Directorate of Registries of June 19, 1863. See also other cases cited by Odriozola, *Jurisprudencia Hipotecaria,* p. 273.

The cases relied upon by the registrar are not in point and the ruling must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.